# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| BRADLEY A. TRACK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:10-CV-138 JVB |
| CHRISTOPHER CRAWFORD, *et al..* | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Bradley Track, a prisoner currently confined at the Lucas County Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983 dealing with events that occurred while he was a pretrial detainee at the Elkhart County Jail. Defendants are Public Defender Christopher Crawford, Elkhart Superior Court Judge George Biddlecome, Supreme Court Administrator Kevin Smith, Deputy Prosecutor Peter Britton, and Indiana Attorney General Gregory Zoeller. Track alleges that the defendants violated rights protected by both federal and state law. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

> detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The Court will review the *pro se* plaintiff's complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

According to the complaint, criminal charges were lodged against Plainitff in the Elkhart Superior Court, and Defendant Crawford was the public defender assigned to represent him. Plaintiff alleges that Defendant Crawford "did absolutely nothing in my defense for a period of 18 months" at which point Track fired him. (DE 1 at 3). Plaintiff states that he then moved to dismiss his criminal case, but that Judge Biddlecome denied his motion. He faults "Judge Biddlecome for not effecting my speedy trial and not initiating my release since the speedy trial violation." (DE 1 at 4). He also alleges that Judge Biddlecome "set my bail at an excessive amount." (DE 1 at 4). Plaintiff alleges that Deputy Prosecutor Britton "concurred with the Judge on the excessive bail" even though Track had no prior convictions and was not a flight risk. (DE 1 at 4). Finally, Plaintiff alleges that he contacted Defendants Zoeller and Smith about his problems, but that they did nothing to assist him.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States,

3

and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Accordingly, Plaintiff's state constitutional and state law claims state no claim upon which relief can be granted.

Plaintiff names Public Defender Christopher Crawford as a defendant. But to state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law;" if the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). A public defender appointed to represent a criminal defendant in state court does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Plaintiff may not maintain a § 1983 claim against Defendant Crawford.

Additionally, Plaintiff names Deputy Prosecutor Peter Britton as a defendant. But prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff's allegations against Defendant Britton deal with conduct related to the pursuit of a criminal prosecution and are intimately associated with the judicial phase of the criminal proceedings against him. Therefore, Plaintiff may not maintain a § 1983 claim against Defendant Britton.

Next, Plaintiff seeks damages from Defendant Judge Biddlecome because he set an excessive bail and denied motions filed by Plaintiff. Under the doctrine of judicial immunity, state judges are entitled to absolute immunity from damages for judicial acts regarding matters

4

within the court's jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'"). A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Id.* at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied*, 494 U.S. 1085 (1990).

Defendant Judge Biddlecome is entitled to absolute judicial immunity against Plaintiff's damage claims if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. *Stump*, 435 U.S. at 356-57. Defendant Judge Biddlecome had jurisdiction to preside over a bond hearing in Plaintiff's criminal case and set bond, and he had the authority to rule on other motions in that case, including motions requesting dismissal of the charges based on being denied a speedy trial. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). Plaintiff may not maintain a § 1983 claim against Defendant Judge Biddlecome.

Plaintiff further asserts that he contacted the Indiana Attorney General, Defendant Zoeller, " who is the one in charge of Attorney's (sic) in the State of Indiana but he did not respond to my pleas of Due Process violations." (DE 1 at 3). Track also maintains that Defendant Zoeller "oversees the Indiana prison system" (DE 1 at 4), including the Elkhart County Jail where he was confined. Additionally, he alleges that he wrote to Indiana Supreme Court Administrator, Defendant Smith, "who sent me several responses telling me that they only hear controversies brought to them by lower courts." (DE 1 at 3).

5

But neither of these Defendants had any personal involvement in the acts of which Plaintiff complains. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the individual was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). Even assuming *arguendo* that these defendants had some sort of supervisory authority over any of the other Defendants, the doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

"Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "[The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients" if the prisoner's attempts are not successful has no merit. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (citation omitted).

[The plaintiff's] contention that any public employee who knows (or should

> know) about a wrong must do something to fix it is just an effort to evade, by indirection, *Monell's* rule that public employees are responsible for their own misdeeds but not for anyone else's. Section 1983 establishes a species of tort liability, and one distinctive feature of this nation's tort law is that there is no general duty of rescue.

*Id.* at 596. Accordingly, Plaintiff may not maintain his § 1983 claims against Defendants Zoeller and Smith.

Finally, Plaintiff complains about conditions of confinement he suffered while he was at the Elkhart County Jail. But none of the Defendants are responsible for the operation of the jail. If Plaintiff believes that conditions at the jail constituted cruel and unusual punishment, he must initiate an action against the officials who managed the jail and are responsible for conditions at the jail.

For the foregoing reasons, the Court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A, and DIRECTS the Clerk to close this case.

SO ORDERED on December 21, 2010.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE